## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Quentin T. Goddard,**
**Plaintiff Below, Petitioner**

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 11-1608** (Greenbrier County 09-C-157)

**Greenbrier Hotel Corp.,**
**Defendant Below, Respondent**

### MEMORANDUM DECISION

Petitioner Quentin T. Goddard, by counsel, Rick Holroyd, appeals the circuit court's order entered October 20, 2011, granting respondent's motion for summary judgment. Greenbrier Hotel Corp., by counsel Ashley C. Pack, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 10, 2007, a female employee of respondent spoke to a security officer to report that petitioner inappropriately touched her. Petitioner swatted the female employee on the posterior with a shoehorn. Pending an investigation, respondent suspended petitioner. By October of 2007 the investigation was completed and respondent found that the allegations were substantiated. In accordance with its "zero tolerance" policy of sexual harassment, petitioner was terminated on October 30, 2007. Petitioner brought suit for discrimination claims under the West Virginia Human Rights Act, West Virginia Code § 5-11-1, *et seq.*, for sex discrimination and discrimination against a disability or perceived disability. On October 20, 2011, the circuit court granted respondent's motion for summary judgment on all counts, holding that, as a matter of law, petitioner is not similarly situated to the person he alleges was treated differently because of her sex and that petitioner is not disabled.

Petitioner does not deny that he inappropriately touched his coworker on July 10, 2007, but argues that his termination was discriminatory, either based on sexual discrimination or discrimination based on an alleged disability, and not the unwanted touching. Specifically, for the sex discrimination charge, petitioner argues that he was treated differently from a similarly situated female employee – the employee he inappropriately touched. Petitioner argues that this woman sat on the lap of another male co-worker and made the male co-worker uncomfortable. Respondent argues that petitioner is not similarly situated because, unlike petitioner, the female employee had no complaints lodged against her and no previous record of unwanted touching.

1

Petitioner also argues that his firing was based on discrimination for a disability to his back. Petitioner received a work-related injury to his back in 2003 and missed work due to the injury for several months at various times between 2003 and 2007. The West Virginia Workers' Compensation Office of Judges awarded him an 8% permanent partial disability impairment for the injury. Petitioner argues that the back problem was a disability covered by the Act: a "physical impairment which substantially limits one or more of [petitioner's] major life activities. The term 'major life activities includes functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, [and] learning. . . ." W. Va. Code § 5-11-3(m). Petitioner argues that his back problem substantially limits his walking because he occasionally needs to rest for ten to fifteen minutes after walking for a half hour, and that he was terminated a few weeks after returning from being off work due to back problems. Respondent argues that petitioner is not disabled under the Act as a matter of law because he was able to do his work after returning from being away, he could still walk but just needed rest afterward, and that any impairment is temporary in nature, for six- to eight-month periods. Further, respondent argues that petitioner's termination was not based on any perceived disability.

The Court has carefully considered the merits of each of petitioner's arguments as set forth in his petition for appeal. This Court reviews a circuit court's entry of summary judgment under a de novo standard of review. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Finding no error in the circuit court order granting summary judgment, the Court incorporates and adopts the circuit court's detailed and well-reasoned "Order Granting Greenbrier Hotel Corporation's Motion for Summary Judgment," dated October 20, 2011, insofar as it addresses the assignments of error appealed herein, and directs the Clerk to attach the same hereto.

Pursuant to Rules 8 & 24 of the Rules of Appellate Procedure, the petitioner is directed to reimburse to the respondent the cost for producing the appendix. This Court has determined that the appendix is relevant to the issues raised on appeal and, therefore, the cost is taxed on appeal. The Court directs the Clerk to prepare and certify an itemized statement of said costs as taxed to be included in the mandate.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**:  March 12, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2